UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

FRAN JOHNSON,                              )
                                          )        Civil No. 7:19-cv-0004-GFVT
        Plaintiff,                        )
                                          )
v.                                        )
                                          )
INTERNATIONAL LABORATORIES,               )        **MEMORANDUM OPINION**
LLC, and QUALITY PACKAGING                )              **&**
SPECIALISTS INTERNATIONAL,                )            **ORDER**
LLC,                                      )
                                          )
        Defendants.                       )

                    *** *** *** ***

        Plaintiff Fran Johnson maintained a prescription for antiplatelet medication but

potentially received, upon filling that prescription, cholesterol medication.  By the time she

received a recall notice, she had already ingested all thirty pills in question and disposed of their

packaging.  Because she had no proof of pills or packaging, she was denied a refund by

Defendants International Laboratories, LLC, and Quality Packaging Specialists International,

LLC.  Now, she brings this action on behalf of herself and others similarly situated for breaches

of warranties and violations of consumer protection laws.  Defendants have moved to dismiss her

complaint, and for the foregoing reasons, the motion to dismiss is **GRANTED IN PART** and

**DENIED IN PART.**

                             **I**

        Fran Johnson was proscribed Clopidogrel, an antiplatelet medication, in 2010, to reduce

her risk of heart disease and stroke.  [R. 1 at 5.]  She regularly refilled this prescription, carrying

the brand name Plavix, at the Walmart Pharmacy in Pikeville, Kentucky.  *Id.*  Defendant

International Laboratories, LLC, is a packaging company, which, at all relevant times, provided the Pikeville Walmart Pharmacy with Clopidogrel. *Id.* In February 2017, Defendant Quality Packaging Specialists International, LLC, acquired full ownership of International Laboratories. *Id.* at 6.

On January 10, 2018, International Laboratories announced a voluntary recall of Clopidogrel Lot # 1147099A. [R. 1-1.][1] According to the recall notice, bottles packaged in Lot # 1147099A were mislabeled, and could have contained either Clopidogrel or Simvastatin. *Id.* Simvastatin, commonly known as Zocor and/or FloLipid, is used to help lower LDL cholesterol and raise HDL cholesterol.

Walmart Pharmacy sent Ms. Johnson a letter on January 29, 2018, informing her of the recall by International Laboratories. [R. 1-2.] The letter stated, "Impacted **Clopidogrel 75 mg 30 count bottle** lot number is: **Lot # 117099A** which may be found on the product label if your prescription was dispensed in an original manufacturer's bottle. Product dispensed by the pharmacy in an amber prescription vial may not be impacted." *Id.* at 1. Included was a copy of the affected bottle label and comparative photos of Clopidogrel tablets and Simvastatin tablets. *Id.* at 3. The letter also specified directions for patients who might be affected by the recall to contact International Laboratories and/or to return the product to Walmart Pharmacy for verification. *Id.* at 1.

Ms. Johnson attempted to obtain a refund by calling International Laboratories. [R. 1 at 5.] However, she claims she was not refunded because she had already consumed the product and disposed of the pill bottle with the label and lot number. *Id.* She now seeks to bring a class

---

[1] Ms. Johnson attached several documents to her complaint. The Court can consider these documents without converting the Defendants' Motion to Dismiss into a Motion for Summary Judgment. Fed. R. Civ. Pro. 10(c); *Matthew N. Fulton, D.D.S. v. Enclarity, Inc.*, 907 F.3d 948, 953 (6th Cir. 2018).

action on behalf of herself and all potential class members who did not receive the correct medications. *Id*. at 6. Against both International Laboratories and Quality Packaging Specialists, Ms. Johnson asserts claims of breach of express and implied warranties, unjust enrichment, violations of consumer protection and consumer fraud acts, and vicarious liability. *Id*. at 6–10. Defendants seek to have this matter dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), and 9(b).

This is not the only action Ms. Johnson has filed against the Defendants. Also pending before the Court is a personal injury lawsuit, brought on behalf of only Ms. Johnson, against Walmart, Inc., Walmart Stores East, L.P., and Stephanie Wallace, the Pharmacist-in-Charge at the Pikeville Walmart Pharmacy, in addition to International Laboratories and Quality Packaging Specialists. [*Johnson v. Walmart, Inc.*, Civ. No. 7:19-cv-00018-KKC, R. 1-3 at 2–4.] That lawsuit alleges theories of negligence against Walmart and Dr. Wallace for failure to identify the mislabeling of her prescription. *Id*. at 7–9. That lawsuit seeks damages for the stroke she experienced in February of 2018, shortly after she believes she received the wrong medication. *Id*. at 5–7. In contrast, this matter alleges that she and other members of the proposed class did not receive what they paid for, and that defendants were unjustly enriched because of that mistake. [R. 1.]

## II

### A

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation

omitted).  The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences."  *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Defendants allege that because Ms. Johnson no longer has the pill bottle or the pills, she will not be able to provide evidence that she received Simvastatin instead of Clopidogrel, and therefore fails to state a claim upon which relief may be granted.  [R. 6-1 at 6–10.][2]  However, this is the improper stage at which to evaluate sufficiency of evidence.  Ms. Johnson alleges that she received the wrong medication, and thus the Court must accept that statement as true. *DirecTV, Inc.*, 487 F.3d at 476.  She does not have her pill bottle or any of the pills she received, but that does not preclude her from providing alternative evidence to prove her claim.   The Court is "reluctant to dismiss colorable claims which have not had the benefit of factual discovery."  *Evans-Marshall v. Bd. of Educ. Of Tipp City Exempted Village Sch. Dist.*, 428 F.3d 223, 228 (6th Cir. 2005).  Any claims that Ms. Johnson's complaint lacks factual merit are to be

---

[2] In their Reply in Support of Motion to Dismiss, Defendants add that Ms. Johnson lacks privity of contract.  However, the Sixth Circuit has repeatedly refused to recognize arguments raised initially in a reply brief.  *See Seay v. Tennessee Valley Authority*, 339 F.3d 454, 481 (6th Cir. 2003) (new arguments in a reply brief vitiate a nonmovant's ability to respond); *Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) ("Since defendant was deprived of an opportunity to address the issue by plaintiff's failure to raise this issue in his original brief, we will consider the issue waived."); *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) ("We generally will not hear issues raised for the first time in a reply brief.").  Reply briefs are designed for a moving party to *reply* to a response brief, not provide the moving party a second chance to file the initial motion.  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).  Because Ms. Johnson has no opportunity to respond to the Defendants' new arguments, the Court deems these arguments as waived.  *Id.*

dealt with through summary judgment, not a motion to dismiss.  *Id.*  Thus, Defendants' motion

as it relates to dismissal under Rule 12(b)(6) is denied.

**B**

Defendants also assert that Ms. Johnson fails to allege facts sufficient to state a claim for

violation of the Kentucky Consumer Protection Act.  [R. 6-1 at 9–10.]  Under the Kentucky

Consumer Protection Act, "Unfair, false, misleading, or deceptive acts or practices in the

conduct of any trade or commerce are hereby declared unlawful."  Ky. Rev. Stat. § 367.170(1).

For this purpose, "unfair" means "unconscionable."  Ky. Rev. Stat. § 367.170(2).  When alleging

fraud or mistake, a plaintiff "must state with particularity the circumstances constituting fraud or

mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged

generally."  Fed. R. Civ. Pro. 9(b).  The Sixth Circuit has interpreted this to mean "the plaintiff

must allege (1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent

scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury."  *Chesbrough v. VPA,*

*P.C.*, 655 F.3d 461, 467 (6th Cir. 2011) (quoting *United States ex rel. Bledsoe v. Cmty. Health*

*Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007).

Defendants insist that Ms. Johnson fails to state a fraudulent scheme, a fraudulent intent,

or a resulting injury.  [R. 6-1 at 10.]  While Ms. Johnson clearly states the time, place, and

content of the alleged misrepresentation, she fails to allege any scheme to defraud or any intent

to defraud.  [R. 1.]  Based on the complaint, Defendants were potentially woefully negligent or

reckless, however, Ms. Johnson includes no claim that Defendants intentionally mislabeled

bottles or intentionally distributed the wrong prescriptions.  Nor does she suggest that

Defendants knew about the mislabeled bottles and deliberately waited to recall the medications

until after patients had taken all thirty pills.  Accordingly, the Court agrees with the Defendants

that Ms. Johnson has failed to state a sufficient claim for violations of the Kentucky Consumer

Protection Act, and Defendants' motion as it relates to dismissal of Count VI under Rule 9(b) is

granted.

**C**

Finally, the Defendants seek to dismiss this action under Rule 12(b)(7) for "failure to join

a party under Rule 19." Federal Rule of Civil Procedure 19 governs when a party is required for

litigation to continue. It holds in relevant part that:

> (a) Persons Required to Be Joined if Feasible.
>> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>> . . .
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>> (2) the extent to which any prejudice could be lessened or avoided by:
>>> (A) protective provisions in the judgment;
>>> (B) shaping the relief; or
>>> (C) other measures;
>> (3) whether a judgment rendered in the person's absence would be adequate; and
>> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19. Out of this rule, the Sixth Circuit has established a three-step analysis. First,

the Court determines whether a party is necessary; second, the Court considers "whether the

party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction;" and third, the Court looks to Rule 19(b) to "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party [being] thus regarded as indispensable." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001).

Defendants argue Walmart, Inc., and Walmart Stores East, L.P., (collectively, Walmart) are parties necessary to this litigation. [R. 6-1 at 10–11.] In her companion case, Ms. Johnson states that Walmart acted negligently in failing to identify the mislabeled medication before filling her prescription. [*Johnson v. Walmart, Inc.*, Civ. No. 7:19-cv-00018-KKC, R. 1-3 at 7–9.] Defendants believe "Walmart's actions and/or failure to act may have caused or contributed to the Plaintiff's alleged damages" and thus, the Walmart defendants are necessary and indispensable parties. [R. 6-1 at 11.] Parties appear to agree that Walmart is subject to personal jurisdiction here and could be joined without destroying diversity. [R. 8 at 16–17; R. 6-1 at 11.]

However, Ms. Johnson does not allege, and Defendants do not argue, that Walmart mislabeled the pills or was in any way unjustly enriched by this event. Walmart may certainly have caused her personal injury damages, but such damages are addressed in *Johnson v. Walmart, Inc.*, Civ. No. 7:19-cv-00018-KKC, not this action. Nor does the alleged negligence in *Johnson v. Walmart* automatically implicate Walmart here. This action attempts to establish a class of plaintiffs who filled their prescriptions all over the country, including at pharmacies other than Walmart. This action continues on the theory that International Laboratories and Quality Packaging Specialists breached warranties and were unjustly enriched by doing so. Ms. Johnson, on behalf of herself and others, seeks damages only for the amount paid for her allegedly incorrect prescription.

Defendants fail to state any reason why Walmart would be necessary for this particular action.  Simply because they are joined in Ms. Johnson's personal injury action does not make them a proper defendant here.  The theory of liability rests on the improper packaging of the pills *before* distribution to a pharmacy, not any duty by the pharmacy to recognize the improper packaging.  Therefore, the Court finds Walmart is not a necessary party, and Defendants' motion to dismiss under Rule 19(b) is denied.

### III

While Ms. Johnson may no longer possess the pills or the pill bottle, this does not preclude her ability to discover and produce additional evidence to prove her claims.  The Court cannot consider sufficiency of evidence at this stage.  Ms. Johnson has failed to allege facts sufficient to support a claim under the Kentucky Consumer Protection Act, but, construing the Complaint in the light most favorable to the nonmoving party, her other allegations are sufficient to survive a motion to dismiss.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      The Motion to Dismiss filed by Defendants International Laboratories, LLC, and Quality Packaging Specialists International, LLC, [**R. 6**] is **GRANTED IN PART** as to Count IV – Consumer Protection/Consumer Fraud Acts;

2.      Count IV filed by Plaintiff Fran Johnson against Defendants International Laboratories, LLC, and Quality Packaging Specialists International, LLC, is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 9(b); and

3.      The Motion to Dismiss filed by Defendants International Laboratories, LLC, and Quality Packaging Specialists International, LLC, [**R. 6**] is **DENIED IN PART** as to all other counts.

This the 26th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge